UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **UNITED STATES of AMERICA** | ) ) ) | |
| v. | ) ) | Criminal No. 09-10315-FDS |
| **ANGEL MORALES, a/k/a "FELIX ADONIS GUERRERO,"** | ) ) ) ) | |
| **Defendant.** | ) ) | |

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION FOR NEW TRIAL

**SAYLOR, J.**

This is a motion for a new trial by a criminal defendant currently serving a term of imprisonment. In October 2011, defendant Angel Morales was convicted by a jury of conspiracy to possess with intent to distribute cocaine in excess of five kilograms in violation of 21 U.S.C. § 846. The Court sentenced him to a term of imprisonment of 120 months. Defendant timely appealed his conviction and sentence, and that appeal is still pending. In April, 2013, defendant filed the present motion for a new trial on the basis of allegedly newly discovered evidence.[1] For the reasons set forth below, the Court will deny the motion.

---

[1] In *United States v. Cronic*, 466 U.S. 648, 667 (1984), the Supreme Court found that, while an appeal is pending, a "District Court ha[s] jurisdiction to entertain the [new trial] motion and either deny the motion on its merits, or certify its intention to grant the motion to the Court of Appeals."

I.      **Background**

The case against Morales was part of a larger case involving seven co-defendants, all allegedly connected to the same drug-trafficking conspiracy. On October 21, 2009, a grand jury returned a two-count indictment for (1) conspiracy to possess with intent to distribute cocaine in excess of 5 kilograms in violation of 21 U.S.C. § 846; and (2) aiding and abetting in the possession of cocaine in excess of 5 kilograms in violation of 12 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The grand jury indicted Morales only on Count 1. On October 31, 2011, after a five-day jury trial, the jury found Morales guilty as to Count 1.

The evidence at trial consisted of information collected by the DEA in an investigation of defendants that began in July 2009. The government offered both live testimony from the investigating agents and audio recordings of conversations between the defendants taken by a DEA wiretap. The evidence suggested that defendant Rancis Osiris Santana was a large-scale cocaine dealer and that Morales and defendant Juan Nova were two of his largest customers. Santana cooperated and testified at trial.

According to the evidence, in July 2009, Morales received and paid for ten kilograms of cocaine supplied by Santana. Santana testified at trial that in the summer of 2009, he obtained 44 kilograms of cocaine from his source in Chicago and distributed ten kilograms of that shipment to Morales. Morales contends that Santana's testimony at trial was inconsistent with previous statements he made to DEA agents.

The evidence at trial also included an intercepted phone call that took place on July 17, 2009, during which Nova informed another individual, using coded language, that he and Morales had each received ten kilograms of cocaine last night at a price of "33." Less than a

hour later, that same individual received a call from a male referred to as "Juanito" (identified by Santana as Morales) who said that he had just received "ten" of "some really nice stuff" and offered to sell a quantity of it for $33,500.

Other evidence offered at trial included audio recordings of a series of phone calls on October 9, 2009, in which Nova arranged to purchase five kilograms of cocaine from Morales and Nova indicated to Santana that Morales wanted ten kilograms of cocaine. Also introduced were recordings of a series of 15 phone calls between Morales and Nova discussing the seizure of 54 kilograms of cocaine, and the fact that Morales was arrested driving a vehicle equipped with a hidden compartment used to transport drugs.

On April 6, 2013, Morales moved for a new trial. As the basis for his motion, he asserts that the following evidence was not made available to him prior to trial and is therefore newly discovered: (1) the audio recordings of telephone conversations used against him at trial and (2) alleging exculpatory and impeaching prior statements made by Santana. Morales also contends that the government used testimony from Santana against him that it should have known was false or misleading.

## II. Standard of Review

As a general principle, "[t]he remedy of a new trial is to be granted sparingly and only to avoid a miscarriage of justice." *United States v. Garcia-Alvarez*, 541 F.3d 8, 16-17 (1st Cir. 2008). "A defendant who seeks a new trial on the basis of newly discovered evidence bears a 'weighty burden' of establishing that: (1) the evidence was unknown or unavailable to the defendant at the time of trial; (2) failure to learn of the evidence was not due to lack of diligence by the defendant; (3) the evidence is material and not merely cumulative or impeaching; and (4)

the emergence of the evidence will probably result in an acquittal upon retrial of the defendant." *United States v. Garcia-Pastrana*, 584 F.3d 351, 390 (1st Cir. 2009) (citing *United States v. Del–Valle*, 566 F.3d 31, 38 (1st Cir.2009)). "A new trial motion must be denied if the defendant fails to meet any one of these factors." *Del-Valle*, 566 F.3d at 38.

### III. Analysis

#### A. The Audio Recordings

Defendant contends that he did not have access to the audio recordings of telephone calls used against him at trial. Importantly, he does *not* contend that those recordings were not disclosed to his counsel prior to trial, but rather that he was restricted in his ability to listen to those recordings while incarcerated. Although he was able to review transcripts and summaries of those recordings, he contends that without a full opportunity to listen to them, he was denied due process and could not adequately impeach Santana's testimony at trial.

Even if true, defendant is not entitled to a new trial on that basis. It is well-established that information known by the defendant and his counsel of record at the time of trial does not constitute newly discovered evidence. *Del-Valle*, 566 F.3d at 38. Defendant is essentially making a claim of ineffective assistance of counsel on the ground that his attorney did not give him an adequate opportunity to review the audio recordings, which were in his possession. A claim of ineffective assistance of counsel is not equivalent to a claim of newly discovered evidence, if the claim is based on information known to the defendant at the time of trial, even if the defendant did not appreciate the legal significance of the information until later. *See United States v. Lenz*, 577 F.3d 377, 382 (1st Cir. 2009) (ineffective assistance of counsel claim based on alleged failure to contact victim to ascertain whether victim would corroborate testimony was

not "newly discovered evidence" because defendant and counsel knew of substance of defendant's conversation with victim prior to trial). Accordingly, defendant's motion for a new trial on the ground that he did not have a full opportunity to review the audio recordings will be denied.

      **B.**    <u>**Prior Inconsistent Statements of Santana**</u>

Defendant next contends that information given by Santana to DEA agents that was inconsistent with statements he made while testifying at trial was not disclosed prior to trial. As the basis for that argument, defendant cites to an apparent inconsistency between a DEA report dated September 13, 2011, concerning an interview with Santana, and information about Santana's statements in the Pre-Sentence Report ("PSR").

Again, this claim fails because it is not based on evidence that can fairly be described as newly discovered. The information that defendant claims is new and was withheld by the government consists of statements derived directly from Santana's testimony at trial. It is undisputed that the government provided defendant's counsel prior to trial with a copy of the allegedly inconsistent DEA report summarizing the agent's interview with Santana. To the extent that Santana's testimony at trial was inconsistent with any of the prior statements disclosed in the DEA report, those statements were available to defendant's counsel well before trial. The fact that defendant's counsel may not have made use of those potential inconsistencies does not make them newly discovered evidence; it again suggests that defendant is essentially making a claim of ineffective assistance of counsel. Again, such a claim is not based on newly discovered evidence, and therefore does not entitle the defendant to a new trial. Accordingly, defendant's motion for a new trial on the basis of a lack of access to Santana's prior inconsistent

statements will be denied.

### C. <u>Use of Perjured Testimony</u>

Finally, defendant contends that the government elicited testimony from Santana that it should have known was false or misleading. Specifically, defendant points to purported internal inconsistencies in Santana's testimony about his source for cocaine (alternatively called "Nacho" and "Cholo") and inconsistences between Santana's testimony and a DEA agent's testimony about the precise timing of the sale of cocaine to defendant (whether it was June or July).

In *United States v. Huddleston*, 194 F.3d 214, 221 (1st Cir. 1999), the First Circuit held that "when a defendant grounds a motion for a new trial in a criminal case on a claim that he has newly discovered perjury on the part of one or more government witnesses, the conviction nonetheless should stand unless the force of the newly discovered event (i.e., the fact and nature of the perjury) and the content of the corrected testimony are such that an acquittal probably would result upon retrial." The First Circuit explicitly left open the question of whether or not this standard applies when the government's use of the perjured testimony is knowing or reckless. *Id.*

The Court need not decide whether defendant's allegations should be analyzed under the *Huddleston* standard or a more searching one, because defendant has failed to establish that Santana gave false statements at trial. *See United States v. Josleyn*, 206 F.3d 144, 155 (1st Cir. 2000) (affirming the district court's denial of a new trial motion on the ground that "'the new evidence proffered by the defendants is insufficient to establish that [the witness] gave deliberately false testimony at trial.' Because the defendants have not shown the statements to be perjury, we need not further consider application of [a more stringent] standard."). The minor

inconsistencies in Santana's testimony do not rise to the level of perjury. Neither of the allegedly incorrect details were material, and had defense counsel further highlighted the inconsistencies, it would not have been so discrediting that it would have influenced the jury's decision. *See Kungys v. United States*, 485 U.S. 759, 770 (1988). Furthermore, it appears from the corroborating evidence that it was the DEA agent, not Santana, who was actually mistaken about the timing of the transaction at trial. Accordingly, defendant's motion for a new trial on the ground that the government elicited perjured testimony will be denied.

**IV.    Conclusion**

For the foregoing reasons defendant's motion for a new trial is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  August 29, 2013