UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
ANGEL MORALES,                              )
                                            )
       Petitioner,                          )
                                            )
                                            )    Criminal No.
   v.                                       )    09-10315-FDS-5
                                            )
UNITED STATES OF AMERICA,                   )
                                            )
       Respondent.                          )
_____)

## MEMORANDUM AND ORDER ON
## PETITIONER'S MOTION FOR EVIDENTIARY HEARING

**SAYLOR, J.**

       This is a petition for a writ of habeas corpus by a prisoner in federal custody pursuant to 28 U.S.C. § 2255. Petitioner Angel Morales was convicted on January 18, 2013, of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. He was sentenced to 120 months in prison followed by a term of supervised release for five years. Proceeding *pro se*, petitioner has filed a motion to vacate pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel. He has also moved for an evidentiary hearing to offer evidence in support of his position.

       Petitioner asserts that he was denied effective assistance of counsel in violation of the Sixth Amendment. As the basis for that assertion, he alleges the following claims: (1) that counsel refused to review with him a telephone call utilized at trial; (2) that counsel was ineffective in impeaching co-defendant and cooperating witness Osiris Santana by failing to use DEA recordings; (3) that counsel failed to investigate or utilize the fact that he was not the owner of a Chrysler Pacifica that was used in the conspiracy; (4) that counsel failed to call co-defendant

Juan Nova as a witness; and (5) that counsel failed to inform him of his right to testify in his own defense.

The court has authority to determine whether to grant an evidentiary hearing, based on a review of the record. *See* Rule 8(a), Rules Governing Section 2254 Cases. Although there is no right to an evidentiary hearing, the statute provides that "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief the court *shall* . . . grant a prompt hearing thereon." 28 U.S.C. § 2255(b) (emphasis added); *see United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993). However, "evidentiary hearings on motions are the exception, not the rule," and motions can often be "heard" on the papers alone; therefore, the petitioner carries a "fairly heavy burden of demonstrating a need for special treatment. *Id*. The court may forego a hearing "when the movant's allegations, even if true, do not entitle him to relief, or when the movant's allegations need not be accepted as true because they state conclusions of facts, contradict the record, or are inherently incredible." *Id.* at 226 (citing *Shraiar v. United States*, 736 F.2d 817, 818 (1st Cir. 1984)) (internal quotations omitted).

In order to establish a claim of ineffective assistance of counsel, a petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the [petitioner] by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The essence of an ineffective-assistance claim is that "counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *United States v. De La Cruz*, 514 F.3d 121, 140 (1st Cir. 2008) (internal citations omitted). To succeed on such a claim, a petitioner must establish both (1) that his counsel provided deficient assistance and (2) that he suffered prejudice as a result. *Strickland*, 466 U.S. at 687.

The first prong of the test requires a petitioner to demonstrate that his counsel's performance fell below an objective standard of reasonableness. A court making this evaluation "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. A petitioner may overcome that presumption by demonstrating that counsel's alleged errors were so serious that his performance "fell below an objective standard of reasonableness under the circumstances." *Sleeper v. Spencer*, 510 F.3d 32, 38 (1st Cir. 2007) (citing *Strickland*, 466 U.S. at 687-90).

The second prong of the test requires a petitioner to show that counsel's deficient performance resulted in "prejudice"—that is, that "counsel's errors were so serious as to deprive the [petitioner] of a fair trial, a trial whose result was reliable." *Strickland*, 466 U.S. at 687. A petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

Petitioner claims, among other things, that he notified counsel at trial that he wanted to testify, but that counsel told him that it was unnecessary because the jury would eventually return a not guilty verdict. Petitioner also claims that counsel never advised him that it was solely petitioner's decision whether or not to testify. It is well-established that a defendant has a fundamental constitutional right to testify in his own defense, which may not be waived by counsel acting alone. *Owens v. United States*, 483 F.3d 48, 58 (1st Cir. 2007) (citing *Rock v. Arkansas*, 483 U.S. 44, 51-53 (1987)). Given the "paramount importance of the right to testify and the small amount of time that would be required to inform the defendant of that right," counsel's "failure to inform a defendant of his right to testify constitutes performance outside of an objective standard of reasonable competence." *Owens*, 483 F.3d at 58. Thus, counsel's

failure to inform petitioner of his right to testify would ordinarily constitute ineffective assistance under the first prong of *Strickland*. *Strickland*, 466 U.S. at 687.

Furthermore, "an attorney's failure to inform his client of his right to testify could be prejudicial," and it would be difficult for a court to determine whether or not a jury would have found the testimony credible. *Owens*, 483 F.3d at 59; *see also Rock*, 483 U.S. at 52 ("[T]he most important witness for the defense in criminal cases is often the witness himself"). Even if a petitioner's claimed testimony includes scant details besides non-involvement, such testimony "should not be disregarded lightly, especially given his constitutional right to explain his version of the facts" and have the jury determine his credibility. *Owens*, 483 F.3d at 59 (holding that if the defendant would have offered *genuinely exculpatory* testimony and was not informed of his absolute right to testify in any way, counsel's failure to inform defendant of his right to testify *would* be prejudicial) (emphasis added). That is not to say that a petitioner can fulfill his burden simply by denying responsibility; the petition must provide a "factual basis suggesting that [petitioner] was prejudiced by his attorney's conduct." *See Palmer v. Hendricks*, 592 F.3d 386, 394 (3rd Cir. 2010). "Bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing." *Id*. at 395.

Petitioner has offered a written description of what his testimony would have entailed, as well as a description of his claimed interactions with counsel regarding his testimony. However, neither the petitioner, nor his trial attorney, Robert Goldstein, have submitted affidavits on this matter.[1] There is, therefore, insufficient information for the Court to determine if the petition solely alleges bald assertions or conclusory allegations.

---

[1] In addition, the government failed to respond at all to the right-to-testify claim in its memorandum in opposition to the habeas petition.

Before deciding whether or not to grant an evidentiary hearing, the court may direct the petitioner to "expand the record by submitting additional materials relating to the petition," which would give the government a chance to "admit or deny" the veracity of the supplemental materials. Rule 7, Rules Governing Section 2254 Cases. An evidentiary hearing is much more likely to be granted when the allegations are specific and accompanied by some "independent corroboration." *See United States v. Butt*, 731 F.2d 75, 80 n. 5 (1st Cir. 1984); *see also Owens*, 483 F.3d at 60 (deciding that when one of the defendant's two attorneys did not provide an affidavit confirming that defendant was not told of his right to testify, it was better to resolve potential inconsistency through an evidentiary hearing rather than guessing).

Accordingly, petitioner Angel Morales is hereby ORDERED to provide an affidavit on this matter. The affidavit should include any relevant discussions between attorney Goldstein and petitioner regarding his testimony, whether or not attorney Goldstein directly told petitioner of his right to testify, and any information as to whether petitioner would have actually testified.[2] That affidavit must be submitted within 28 days of this order, or by July 17, 2016. The Court may direct attorney Goldstein to respond to that affidavit once it has been filed.

**So Ordered.**

|  |  |
|---|---|
| Dated: June 17, 2016 | /s/ F. Dennis Saylor<br>F. Dennis Saylor IV<br>United States District Judge |

---

[2] Habeas petitioners cannot claim ineffective assistance of counsel and then assert privilege as to communications with counsel. *Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir.2001).