UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
)
**ANGEL MORALES,**                          )
                                            )
      Petitioner,                          )
                                            )
      v.                                   )   Criminal No.
                                            )   09-10315-FDS-5
**UNITED STATES OF AMERICA,**               )
                                            )
      Respondent.                          )
_____)

## ORDER ON PETITIONER'S
## MOTION FOR EVIDENTIARY HEARING

**SAYLOR, J.**

This is a petition for a writ of habeas corpus by a prisoner in federal custody pursuant to 28 U.S.C. § 2255. Petitioner Angel Morales was convicted on January 18, 2013, of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. He was sentenced to 120 months in prison followed by a term of supervised release for five years. Proceeding *pro se*, petitioner has filed a motion to vacate pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel. He has also moved for an evidentiary hearing to offer evidence in support of his position.

The court has authority to determine whether to grant an evidentiary hearing, based on a review of the record. *See* Rule 8(a), Rules Governing Section 2254 Cases. Although there is no right to an evidentiary hearing, the statute provides that "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief the court *shall* . . . grant a prompt hearing thereon." 28 U.S.C. § 2255(b) (emphasis added); *see United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993). However, "evidentiary hearings on motions are the exception, not

the rule," and motions can often be "heard" on the papers alone; therefore, the petitioner carries a "fairly heavy burden of demonstrating a need for special treatment." *Id*. The court may forego a hearing "when the movant's allegations, even if true, do not entitle him to relief, or when the movant's allegations need not be accepted as true because they state conclusions of facts, contradict the record, or are inherently incredible." *Id.* at 226 (citing *Shraiar v. United States*, 736 F.2d 817, 818 (1st Cir. 1984)) (internal quotations omitted).

Before deciding whether or not to grant an evidentiary hearing, the Court may direct the petitioner to "expand the record by submitting additional materials relating to the petition," which would give the government a chance to "admit or deny" the veracity of the supplemental materials. Rule 7, Rules Governing Section 2254 Cases. An evidentiary hearing is much more likely to be granted when the allegations are specific and accompanied by some "independent corroboration." *See United States v. Butt*, 731 F.2d 75, 80 n. 5 (1st Cir. 1984); *see also Owens*, 483 F.3d at 60 (deciding that when one of the defendant's two attorneys did not provide an affidavit confirming that defendant was not told of his right to testify, it was better to resolve potential inconsistency through an evidentiary hearing rather than guessing).

On June 17, 2016, the Court ordered petitioner to submit an affidavit concerning his ineffective assistance of counsel claim. On July 6, 2016, petitioner submitted a two-page affidavit, in which he alleges the following:

> That after the government presented its case, I told my former attorney, Robert Golstein, that I wanted to testify, mainly because I wanted the jury to hear my side of the story, however, my trial attorney told me that it was not necessary because he said that the jury would eventually find me not guilty. Additionally, my attorney also said that it would be prejudicial if I took the stand, since the name of Angel Morales has an extensive criminal record. I therein told him that I am not that Angel Morales because I have no prior record. But my attorney was nonetheless adamant that the jury would find me not guilty. However, prior to the aforementioned discussions, my attorney never once advised me that the decision whether to testify or not was mines [sic].

Petitioner contends that he would have testified, among other things (1) that he is not the "Angel Morales" who has an extensive criminal record; (2) that he only knew Santana through their time attending cockfights together and that he only bought roosters from Santana, never drugs; (3) that he was unaware that Pastor was using his name to facilitate drug transactions; and (4) that Santana and Pastor are compulsive liars who are falsely implicating him.  He also contends that attorney Goldstein "failed to heed [his] request that we both review the telephone calls that were to be utilized at the trial against me."

    In light of what petitioner has submitted, the Court hereby orders attorney Robert M. Goldstein to submit an affidavit in response to petitioner's affidavit in support of his ineffective assistance of counsel claim.[1]  That affidavit shall be submitted within 28 days of this order, or by August 18, 2016.

**So Ordered.**

Dated:  July 21, 2016

/s/ F. Dennis Saylor  
F. Dennis Saylor IV  
United States District Judge

---

[1] Habeas petitioners cannot claim ineffective assistance of counsel and then assert privilege as to communications with counsel.  *Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir. 2001).