# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES of AMERICA, | ) |
| | ) |
| v. | ) Criminal No. |
| | ) 09-10315-FDS-5 |
| ANGEL MORALES, | ) |
| Defendant. | ) |

## ORDER ON CERTIFICATE OF APPEALABILITY

**SAYLOR, J.**

To appeal a final order in a proceeding instituted under 28 U.S.C. § 2255, the defendant must first obtain a Certificate of Appealability ("COA") from a circuit justice or a district court. *See* 28 U.S.C. § 2253(c). A COA will issue only if the defendant "has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). That standard is satisfied by "demonstrating that jurists of reason could disagree with the district court's resolution of [petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

In his motion to vacate, set aside, or correct his sentence, defendant contended that his trial counsel rendered ineffective assistance by failing to adequately review and investigate the evidence against him; failing to use documentary evidence to impeach the government's chief witness; failing to call a material witness, and failing to advise him of his right to testify at trial. Applying the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), the Court denied the motion on the grounds that defendant had failed to demonstrate that counsel's

performance was objectively unreasonable and/or that counsel's deficient performance caused him prejudice.  Nevertheless, a reasonable jurist could disagree about whether, under *Strickland*, counsel's performance "fell below an objective standard of reasonableness" and/or whether counsel's performance prejudiced the defense so that there was a "reasonable probability" that the outcome would have been different absent the deficient performance.  *Id.* at 687-88, 694-95.

Accordingly, a certificate of appealability is GRANTED as to whether counsel's performance "fell below an objective standard of reasonableness" and whether counsel's performance caused prejudice such that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different.

**So Ordered.**

Dated:  May 18, 2017

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge